DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTUAN DAVIS,**
Appellant,

v.

**THE GEO GROUP, INC.,**
Appellee.

No. 4D2025-2061

[May 27, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 502023CA006580XXXXMB.

Antuan Davis, South Bay, pro se.

Alyssa Mara Reiter of Wicker Smith O'Hara McCoy & Ford, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

This appeal arises out of a negligence suit brought by the appellant, a prison inmate, against the appellee, the corporation that operates the prison where the appellant was housed. He challenges the summary judgment entered for the appellee. We affirm.

The summary judgment hearing was held via remote technology. The appellant argues he was not able to meaningfully participate in the hearing due to glitches with the system. He purportedly raised this issue in a post-judgment motion for relief from judgment, but before the trial court could rule on the motion, he filed his notice of appeal. The trial court then issued an order deferring ruling on the motion pending resolution of the appeal. The trial court further provided that an affirmance on appeal would not moot the issue, which could be considered on remand. The appellant has not provided the motion, any response, or a hearing transcript. Furthermore, the appellant's reply brief acknowledges that the trial court should be the court of first instance to consider his due process argument. Under these circumstances, we affirm.

We also affirm as to the trial court's grant of summary judgment on the merits. The appellant's initial brief did not dispute one of the grounds for the court's ruling, namely that he failed to exhaust administrative remedies. That provides an independent basis for affirmance. *See, e.g.*, *Brannon v. State*, 396 So. 3d 420, 422 (Fla. 6th DCA 2024) (holding that appellant was not entitled to a reversal based on one of the grounds for dismissal of his motions where he failed to address the other ground relied on by trial court). Further, the record supports the trial court's determination that the appellant failed to establish a genuine issue of material fact as to the appellee's actual or constructive knowledge of a dangerous condition.

*Affirmed.*

CIKLIN, GERBER and LOTT, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

2